GILL SPERLEIN (CSN: 172887)
121Capp Street, Suite 200
San Francisco, California  94110
Telephone: (415)487-1211 X32
Facsimile: (415) 252-7747

Attorney for Plaintiff
IO GROUP, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., a California corporation, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID FOREST, an individual, FOREST )<br>ENTERPRISES, aka DAVID FOREST )<br>ENTERTAINMENT, a business entity type )<br>unknown, JACK RINELLA, an individual, )<br>RINELLA SERVICES, a business entity )<br>type unknown, GRADY AVANT, an )<br>individual, CYBERTWIST INTERACTIVE )<br>MULTIMEDIA, INC., a Michigan )<br>Corporation, )<br>)<br>)<br>)<br>Defendants. )<br>------------------------------------------------- ) | CASE NO.: _____<br><br>COMPLAINT:<br><br>(1) COPYRIGHT INFRINGEMENT;<br>(2) STATUTORY UNFAIR<br>COMPETITION;<br>(3) CALIFORNIA COMMON LAW<br> UNFAIR COMPETITION;<br>(4) STATUTORY UNAUTHORIZED<br>COMMERCIAL USE OF A<br>PHOTOGRAPH;<br>(5) CALIFORNIA COMMON LAW<br>MISAPPROPRIATION OF THE RIGHT<br>OF PUBLICITY;  AND<br>(6) AN ACCOUNTING<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      This is an action by Io Group, Inc. a California corporation, dba Titan Media

("Titan Media"), to recover damages arising from infringement of Titan Media's copyrights in its

photographic images by Defendants David Forest, Jack Rinella and Grady Avant in their

1  individual capacities and through various business entities owned or controlled by them, and to

2  enjoin all Defendants from future infringement.  Forest is an unregistered talent agent who has

3  distributed, through his Internet website, certain Titan Media-owned photographs of Jan Milstead

4

5  (an individual who also uses the "stage name" or pseudonym "Chris Steele") whom he purports to

6  represent as a model and actor.  Jack Rinella, Rinella Internet Services, Grady Avant, and

7  Cybertwist Interactive Multimedia, Inc. at various times maintained Defendant Forest's website,

8  www.forestmen.com, the Internet web site by and through which the subject photographs were

9

10  posted and distributed.  Cybertwist Interactive, Inc. is the registered owner of the domain name

11  www.forestmen.com.

12  **THE PARTIES**

13  2. Io Group, Inc. is a California corporation doing business as "Titan Media," with its

14

15  principal place of business located at 121 Capp Street, San Francisco, California 94110.  Titan

16  Media produces markets and distributes adult entertainment products, including Internet website

17  content, audiovisual works, photographs, etc.

18  3. Defendant David Forest is an individual residing in the State of California, County of

19  Los Angeles and is, or was, carrying out the activities and/or causing the injuries and damages

20  complained of herein in this judicial district and elsewhere.

21

22  4. On information and belief, Defendant Forest Enterprises aka David Forest Entertainment

23  is a business entity, type unknown, located in California and under the ownership and/or control of

24  David Forest and is, or was, carrying out the activities and/or causing the injuries and damages

25  complained of herein in this judicial district and elsewhere.

26

27

28

COMPLAINT

5. On information and belief, Defendant Jack Rinella is an individual residing in the state of Illinois and is, or was, carrying out the activities and/or causing the injuries and damages complained of herein in this judicial district and elsewhere.

6. On information and belief, Defendant Rinella Services is a business entity, type unknown, located in Illinois and under the control of Defendant Jack Rinella and is, or was, carrying out the activities and/or causing the injuries and damages complained of herein in this judicial district and elsewhere.

7. On information and belief, Defendant Grady Avant is an individual residing in the state of Michigan and is, or was, carrying out the activities and/or causing the injuries and damages complained of herein in this judicial district and elsewhere.

8. On information and belief, Defendant Cybertwist Interactive Multimedia, Inc. is a Michigan corporation, with its principal place of business in Michigan and under the ownership and/or control of Grady Avant and is, or was, carrying out the activities and/or causing the injuries and damages complained of herein in this judicial district and elsewhere.

## **JURISDICTION**

9. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, et. seq., and 28 U.S.C.  §§ 1331 and 1338(a), and diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

10. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under Federal Law that they form part of the same case or controversy and derive from a common nuclease of operative fact.

COMPLAINT

1    11. The Court has personal jurisdiction over Defendants.  On information and belief,

2  Defendants solicit, transact, and are doing business within the State of California; have committed

3

4  unlawful and tortuous acts both within and outside the State of California causing injury in

5  California; and are regularly doing or soliciting business or engaging in a persistent course of

6  conduct in the State.  Plaintiff's claims arise out of the conduct that gives rise to personal

7  jurisdiction over Defendants.

8
                               **INTRADISTRICT ASSIGNMENT**
9

10   12. Pursuant to United States District Court, Northern District Civil Local Rules 3-2(c), 3-2(d),

11  and 3-5(b) assignment to the San Francisco Division is proper because a substantial part of the

12  infringement and other wrongful conduct alleged occurred in San Francisco County.

13
                                        **VENUE**
14
     13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2), and 1392.
15
                            **FACTS COMMON TO ALL CLAIMS**
16

17    Plaintiff Titan Media Owns Federally Registered Copyrights of Various Photographs

18   14. Plaintiff Titan Media produces and distributes adult-oriented audiovisual works in video

19  and DVD formats.  Plaintiff uses promotional photographs to assist in the marketing of its

20  audiovisual works.  Additionally, Plaintiff maintains a website by and through which high-

21
    resolution versions of such promotional photographs and other content can be viewed by
22
    individuals who pay a monthly subscription fee.
23

24   15. Upon occasion Plaintiff delivers such promotional photographs to various individuals in

25  order to promote the audiovisual works with which said photographs are associated.  These

26
    promotional images are distributed with a Terms of Use document setting forth the conditions and
27
    limitations on the use of the corresponding photographs.  An electronic version of the Terms of
28

Use document also appears on the same CD-ROM upon which the images are delivered.  Under the Terms of Use, Plaintiff permits users of the images to put low-resolution water-marked images on the users' Internet sites.   High-resolution images without water-marks are made available for use in print, but not for Internet use.

16. On or about July 11, 2000 Plaintiff delivered to Defendant David Forest a CD-ROM with eight Internet images and six print images organized in folders labeled "Internet Images" and "Print Images" respectively.  True and correct copies of four Internet images are attached hereto as Exhibit A and incorporated herewith. True and correct copies of three print images are attached hereto as Exhibit B and incorporated herewith.  A cover letter and a copy of Titan's Terms of Use also appeared on the CD-ROM.  Plaintiff included Hard copies of the cover letter and the Terms of Use in the same package delivering the CD-ROM.  A true and correct copy of said cover letter is attached hereto as Exhibit C and incorporated herewith in its entirety.  A true and correct copy of the Terms of Use document is attached hereto as Exhibit D and incorporated herewith in its entirety.

17. In 1999, Plaintiff produced the audiovisual work, *Heat* and its related promotional materials.  Plaintiff holds a valid copyright in *Heat* (including all associated photographic and graphic material) that was duly and properly registered with the United States Copyright Office on November 7, 2000.  A true and correct copy of the Copyright Registration Certificate for *Heat*, which bears Registration No. PA 1-017-633, is attached hereto as Exhibit E and incorporated herewith in its entirety.

18. Jan Milstead, an individual who is also known as "Chris Steele," appeared in Plaintiff's audiovisual work *Heat* and in a number of associated promotional photographs.  On May 7, 2000, Milstead signed a release whereby he transferred all his rights in said photographs to Plaintiff.  A

true and correct copy of this release is attached hereto as Exhibit F and incorporated herewith in its entirety.

### Defendants Willfully Infringed Plaintiff's Registered Copyrights

19. Defendant Forest is engaged in representing various individuals who perform in adult movies, including Jan Milstead who appeared in Plaintiff's audiovisual work *Heat*.  Further, Forest owns and operates the website www.forestmen.com whereby individuals who pay a monthly subscription fee can view and download pictures of the individuals Forest represents.

20. On or about September 13, 2001, during a routine inspection of Internet sites, an employee of Plaintiff discovered nineteen Titan Media copyrighted images of "Chris Steele" on the website www.forestmen.com.  Six of these copyrighted images did not bear the required watermarks and, on information and belief, had been uploaded from the promotional CD-ROM produced by Plaintiff.  The remaining thirteen copyrighted images had been scanned from a high-resolution layout in "All Man" magazine.  Plaintiff had not authorized the use of any of the images in the manner in which they were displayed on the www.forestmen.com website.

21. On information and belief, Defendants Jack Rinella, Rinella Services, Grady Avant and Cybertwist Interactive Multimedia, Inc. control or controlled the formatting, posting and other technical matters associated with the website www.forestmen.com.

22. Defendant Cybertwist Interactive Multimedia, Inc. is the registered owner of the domain name www.forestmen.com.

23. On or about September 21, 2001, Plaintiff sent by certified mail to Defendants David Forest Productions, Cyberbertwist Interactive, and Rinella Internet Services a letter demanding that they cease and desist the infringement of Plaintiff's copyrighted photographs. A true and correct copy of this letter is attached hereto as Exhibit G and incorporated herewith in its entirety.

COMPLAINT

24. In the April 2002 edition of *The Guide*, a travel magazine, a Titan Media-copyrighted photograph of "Chris Steele" appeared in an advertisement with a Forest Entertainment photo credit.  A true and correct copy of this advertisement is attached hereto as Exhibit H and incorporated herewith in its entirety.

25. As recently as June 20, 2002, most of the Titan Media-copyrighted images identified in paragraph 20, above, were still accessible on www.forestmen.com.

### FIRST CAUSE OF ACTION

### (Copyright Infringement – 17 U.S.C. §501 )

26. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 25, inclusive.

27. Plaintiff is the sole owner of the photographs at issue and of all corresponding copyrights and Certificates of Registration.

28. Defendants, and each of them, have infringed the copyrights in Plaintiff's photographs by posting and distributing infringing materials on and through the www.forestmen.com website without proper approval or authorization from Plaintiff.

29. Defendants' conduct has been willful within the meaning of the Copyright Act.  At a minimum, Defendants acted with willful blindness to and in reckless disregard of Plaintiff's registered copyrights.

30. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501.  Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants

have made as a result of their wrongful conduct.  17 U.S.C. § 504.  Alternatively, Plaintiff is

entitled to statutory damages under 17 U.S.C. § 504(c).

31. In addition, because Defendants' infringement has been willful, the award of statutory

damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

32. Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order

impounding any and all infringing materials pursuant to 17 U.S.C. § 503.  Plaintiff has no

adequate remedy at law for Defendants' wrongful conduct because, among other things, (a)

Plaintiff's copyrights are unique and valuable property which have no readily determinable market

value, (b) Defendants' infringement harms Plaintiff's business reputation and goodwill such that

Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful conduct,

and resulting damage to Plaintiff is continuing.

33.  In addition, Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant

to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

### (Unfair Competition – Cal. Bus. & Prof. Code § 17200 et seq.)

34. Plaintiff repeats and incorporates by this reference each and every allegation set forth

in paragraphs 1 through 34, inclusive.

35. The acts and conduct of Defendants, and each of them, as alleged above in this

Complaint constitute unfair competition as defined by California Business & Professions Code §

17200 et seq.

36. The acts and conduct of Defendants, and each of them, are likely to cause confusion

and mistake among customers, end users, and the public as to the origin or association of

Defendants' infringing Titan Media photographs.  The acts and conduct of Defendants are likely

COMPLAINT

to lead the public to conclude incorrectly, that the infringing photographs are sponsored or authorized by Plaintiff Titan Media.  Moreover, the acts and conduct of Defendants render Plaintiff's photographs readily available to the public in an easily downloadable format, thereby enabling further distribution and further harm to Plaintiff.

37. As a result, Defendants should be required to disgorge any profit or gain as a result of said wrongful activity.

### THIRD CAUSE OF ACTION

### (California Common Law Unfair Competition)

38. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 37, inclusive.

39. The acts and conduct of Defendants, and each of them, as alleged above in this Complaint constitute unfair competition pursuant to the common law of California.

40. Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profit to Defendants in an amount unknown at the present time.

### FORTH CAUSE OF ACTION

### (Unauthorized Commercial Use of a Photograph – Cal. Civ. Code § 3344)

41. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 40, inclusive.

42. Plaintiff's copyrighted works embody images of an actor whose pseudonym is "Chris Steele."  Said actor executed a written agreement with Plaintiff under which Plaintiff became the exclusive proprietor of the actor's rights of publicity on the images of him that are embodied in Plaintiff's works.

43. All rights of publicity in respect of those images have at all times been exclusively administered from within San Francisco, California.

44. Defendants have infringed the rights of publicity owned and controlled by Plaintiff by reproducing the persona of the actor "Chris Steele" for commercial gain without Plaintiff's consent.

45. As a direct and proximate result of Defendants' conduct as aforesaid, Plaintiff has been damaged by lost income in an amount to be determined at trial.

46. Defendants, and each of them, acted deliberately to injure Plaintiff and otherwise in conscious disregard of Plaintiff's rights.  Further, Defendants performed these acts, or otherwise authorized, ratified or had knowledge of them and thereby acted in conscious disregard of Plaintiff's rights.  Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profit to Defendants in an amount unknown at the present time.

47. Defendants' conduct justifies an award of exemplary or punitive damages in an amount sufficient to punish the Defendants and to make examples of them to others as provided for in Cal. Civ. Code § 3344(a).

48. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to   Cal. Civ. Code § 3344(a).

## FIFTH CAUSE OF ACTION

### (California Common Law Misappropriation of the Right of Publicity)

49. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 48, inclusive.

COMPLAINT

50. The acts and conduct of Defendants, and each of them, as alleged above in this Complaint constitute a misappropriation of the Right of Publicity pursuant to the common law of California.

51. Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profit to Defendants in an amount unknown at the present time.

## SIXTH CAUSE OF ACTION

### (Accounting)

52. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 51, inclusive.

53. Plaintiff is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to the acts of infringement herein described.

54. Plaintiff is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

55. The amount of money due from Defendants to Plaintiff is unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendants of the precise number of subscribers to Defendants' website and the number of "hits" to the website and various pages therein.

56. Accordingly, Plaintiff is entitled to and hereby demands a full accounting from Defendants.

## JURY DEMAND

57. Plaintiff hereby demands a jury trial in this case.

## PRAYER

WHEREFORE, Plaintiff Titan Media respectfully requests judgment as follows:

    (1)    That the Court enter a judgment against Defendants that they have:

        COMPLAINT

a.   willfully infringed Plaintiff's rights in federally registered copyrights under 17

U.S.C. § 501.

b.   engaged in unfair competition in violation of California common law and

California Bus. & Prof. Code § 17200 et. seq. and

c.   willfully violated Plaintiff's rights of publicity in violation of California

common law and California Civ. Code § 3344.

(2) That the Court issue injunctive relief against Defendants, and that Defendants, their

agents, representatives, servants, employees, attorneys, successors and assigns, and all others in

active concert or participation with Defendants, be enjoined and restrained from copying, posting

or making any other infringing use or infringing distribution of audiovisual works, photographs or

other materials protected by Plaintiff Titan Media's registered copyrights;

(3) That the Court enter an order of impoundment pursuant to 15 U.S.C. §

1116(a)(d)(1)(A), 17 U.S.C. §§ 503 and 509(a), and 28 U.S.C. § 1651(a) impounding all

infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in

Defendants' possession or under their control;

(4) That the Court enter an order requiring a full and complete accounting of all amounts

due and owing to Plaintiff as a result of Defendants' illegal activities;

(5) That the Court order Defendants to pay Plaintiff's general, special, actual and statutory

damages as follows:

a.   Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the

alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for

Defendants' willful infringement of Plaintiff's copyrights;

COMPLAINT

     b.  Plaintiff's damages and Defendants' profits pursuant to Cal. Civ. Code § 3344 or in the

alternative statutory damages pursuant to Cal. Civ. Code § 3344; and

     c.  Plaintiff's damages and Defendants' profits pursuant to California common law and

disgorgement pursuant to California Bus. & Prof. Code § 17200 et seq.

(6) That the Court order Defendants' to pay punitive damages pursuant to Cal. Civ. Code § 3344.

(7) That the Court order Defendant to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504, California Bus. & Prof. Code § 17200 et. seq., and Cal. Civ. Code § 3344(a).

(8) That the Court grant to Plaintiff such other and additional relief as is just and proper.


Dated:

                                         Respectfully submitted,


                                       GILL SPERLEIN,
                                       Attorney for Plaintiff

                        COMPLAINT